RATCLIFF *v.* KREIGH, ADMINISTRATOR.

[No. 13,856.   Filed February 26, 1930.]

*Willis Hickam, Freal H. McIntosh, S. A. Hays* and *Mat J. Murphy,* for appellant.

*James & Allee,* for appellee.

McMAHAN, J.—Appellant filed a claim against the estate of May Champer, alleging that Isabella Wellman, who died in 1916, by her will, created a life estate in certain money in favor of James E. Champer and May Champer, with remainder over in appellant, and that James Champer died in 1922, and May Champer died in 1928.   The will is set out in full, but the part which we are required to construe is found in Item two, which is as follows:

"Second:—After the payment of such funeral expenses and debts, I give, devise and bequeath as follows, that is to say, I give to my beloved 'Step' daughter

Lillie B. Ratcliff of Owen County, for love and affection, also considering her care and attention to me in my declining years, also to give George Taylor (colored) for services rendered as a faithful servant for more than forty years:·

"To each of them I give $1,000 out of any money of which I may die possessed. Also in connection with the foregoing I give to said Lillie Belle Ratcliff and George Taylor (colored) the following described real estate [describing it] provided, however, none ·of the before described land shall be sold during the natural life of said George Taylor, but that the said Lillie Belle Ratcliff shall provide for the said George Taylor a home during his natural life and at his death it shall be the property of the aforesaid Lillie B. Ratcliff and her heirs forever. I direct that the following described land [describing same], be sold and that the proceeds of such sale, together with any other personal effects, viz.: money, notes, bonds, or any other securities of which I may die possessed, not otherwise disposed of by the provisions of this will be divided into three equal shares and that one share be given to my beloved 'Step' daughter Lillie Belle Ratcliff, and that one share be given to my son-in-law James E. Champer of Greencastle, Indiana, and one share to George Taylor. Now if the said Lillie Belle Ratcliff shall decease then her heirs shall receive her share, provided they shall carry into effect the provisions of this will.

"If the said James E.· Champer and his wife shall decease, then the said Lillie Belle Ratcliff shall receive his share, or her heirs if she be not living.

"The purpose of this gift to the said George Taylor (colored) is that he may be provided with a comfortable home and living during his natural life but after his death and after his funeral expenses together with any

and all other expenses incurred for his welfare shall have been paid, then if anything, money or other effects remaining, it shall become the property of the aforesaid Lillie B. Ratcliff to be hers and her heirs for ever after."

On the final settlement of the estate of Mrs. Wellman, there was paid to James E. Champer $2,093.51. It is this amount that appellant seeks to recover from the estate of May Champer, widow of James E. Champer, she being his sole heir and having received the whole of his estate including the said $2,093.51.

A demurrer to this claim was sustained and this ruling is assigned as error.

Appellant calls attention to that part of the will directing the sale of certain real estate, and directing the division of the proceeds derived therefrom, together with the remainder of the personal property of the testator, into "three equal shares and that one share be given to my beloved 'step' daughter, and that one share be given to my son-in-law, James E. Champer of Greencastle, Indiana and one share to George Taylor," and says that the words "and that one share be given" to James E. Champer would ordinarily create an absolute gift, but that such words, when coupled with other parts of the will, show that it was intended that Champer should have only a life estate in the money so received by him, and that she (appellant) was to have such money upon the death of Champer and his wife. In support of this contention, appellant says the word "decease," as used in the expression "if the said James E. Champer and his wife shall decease" refers to their death at any time, either before or after the death of the testatrix.

We cannot concur in this contention. The law favors the vesting of estates at the earliest possible moment, and, if it is possible to do so, a will will be construed so as to vest the entire estate at the time of the testator's death. If it be conceded that

Mrs. Wellman did not clearly express her intention in this respect, a resort to the well-recognized rules of construction irresistably leads to the conclusion that the testatrix referred to the death of Champer and his wife prior to the death of the testatrix. This question has been before the Supreme Court and this court so often that we do not deem it necessary to enter into a lengthy discussion of the subject. We content ourselves by referring to *Quilliam* v. *Union Trust Co.* (1924), 194 Ind. 521, 142 N. E. 214, where the court, at page 530, said: "A well-established rule in this state is that words of survivorship, used in disposing of an estate, are presumed to relate to the death of the testator, rather than the death of the first taker, and that where real estate is devised to one, in terms sufficient to give a fee-simple, and a devise over is made, conditioned upon the first taker dying without issue, the phrase 'dying without issue' is construed to refer to a death in the life-time of the testator, unless a contrary intention is clearly expressed."

On authority of that case and the cases therein cited, we hold the demurrer was properly sustained.

Judgment affirmed.